UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Total Merchant Services, Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.15-1327 |
| | ) | |
| Mark Rhinehart, Erik Nelson, Brad Maloney, Blu Entertainment Group, LLC, and Country Life Musical Festival, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant Erik Nelson's Motion to Dismiss and Motion for More Definite Statement [20] and Plaintiff's Response [22] thereto. For the reasons set forth below, the Motion [20] is Granted in Part and Denied in Part.

### Background

The following facts are taken from Total Merchant Services, Inc. ("TMS")'s Amended Complaint. Plaintiff TMS, a credit card payment processor, is a Nevada corporation with its principal place of business in California. Defendant Nelson is a member and executive of BLU Entertainment Group, LLC ("Blu") and Countrylife Music Festival, LLC ("Countrylife"), both of which are Illinois Limited Liability Companies. In December 2013, Blu and Countrylife contracted separately with TMS to process credit card payments for music festival ticket sales, namely, the 2015 Country Life Music Festival to be held in Chillicothe, Illinois. Defendants Nelson and Rhinehart, acting as principals and corporate officers of Blu and Countrylife, signed

1

the "Merchant Credit Card Processing Application and Agreement." Defendants Rhinehart and Nelson also signed the corresponding guaranty agreements in their personal capacities.

On June 9, 2015, Defendants cancelled the 2015 Country Life Music Festival (set to be held on July 17-19, 2015) due to low ticket sales and the inability to secure big-ticket artists. As a result of the cancellation, TMS was forced to refund ticket purchases amounting to hundreds of thousands of dollars. Because the Defendant LLCs used the proceeds of the ticket sales to pay the performers of their previous festival in Florida, the Defendants did not have sufficient funds in reserve to reimburse TMS for the chargebacks as required by their contract. Defendants have refused to reimburse TMS for the chargebacks.

Plaintiff's Complaint alleges 11 claims for relief: (1) Breach of Contract, (2) Fraud, (3) Consumer Fraud and Deceptive Practices, (4-7) Equitable Accounting, (8) Unjust Enrichment, (9) Quantum Meruit, (10) Civil Conspiracy, and (11) Prejudgment Attachment. Defendant Nelson responded with a Motion to Dismiss or for a More Definite Statement. This Order follows.

## Analysis

A complaint should not be dismissed unless it appears from the pleadings that the plaintiff could prove no set of facts in support of her claim which would entitle her to relief. *See Conley v. Gibson*, 355 U.S. 41 (1957); *Gould v. Artisoft, Inc.*, 1 F.3d 544, 548 (7th Cir. 1993). Rather, a complaint should be construed broadly and liberally in conformity with the mandate in the Federal Rules of Civil Procedure 8(e). More recently, the Supreme Court has phrased this standard as requiring a showing sufficient "to raise a right to relief beyond a speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007). The claim for relief must be

2

"plausible on its face." *Id.*; *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1953 (2009). For purposes of a motion to dismiss, the complaint is construed in the light most favorable to the plaintiff; its well-pleaded factual allegations are taken as true, and all reasonably-drawn inferences are drawn in favor of the plaintiff. *See Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Hishon v. King & Spalding*, 467 U.S. 69 (1984); *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467 (7th Cir. 1997); *M.C.M. Partners, Inc. V. Andrews-Bartlett & Assoc., Inc.*, 62 F.3d 967, 969 (7th Cir. 1995); *Early v. Bankers Life & Cas. Co.*, 959 F.2d 75 (7th Cir. 1992).

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). When a Complaint alleges fraud or mistake, it must state the allegations with particularity. Fed. R. Civ. P. 9(b). A Complaint will meet the heightened pleading standard of Rule 9(b) when it "show[s], in detail, the nature of the charge, so that vague and unsubstantiated accusations of fraud do not lead to costly discovery and public obloquy." *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 854-55 (7th Cir. 2009).

**(1) Breach of Contract**

Defendant Nelson first asks this Court to order Plaintiff to provide a more definite statement as to the breach of contract claim. In Illinois, a breach of contract claim requires (1) a valid contract, (2) substantial performance by the plaintiff, (3) breach by the defendant, and (4) damages. *Fednav Int'l Ltd. v. Cont'l Ins. Co.*, 624 F.3d 834, 839 (7th Cir. 2010). A guaranty is a promise by a third person to answer for the payments or obligations of the person (or entity) primarily liable, should that person fail to perform. *Dynegy Mktg. & Trade v. Multiut Corp.*, 648 F.3d 506, 519 (7th Cir. 2011). Similar to a breach of contract claim, "[t]o prevail on the breach of

guaranties he executed in connection with the agreements." All Defendant really seems to dispute is which hat he was wearing when he signed the guaranty—that is, whether he signed in his capacity as an agent of the LLC, or personally. The terms of the guaranty agreement were unequivocal: "the undersigned . . . personally guarantee[s] . . . ." And "[w]here a guaranty is unequivocal, it must be construed according to the terms and language used, as it is presumed the parties meant what the language imports." *Farmers State Bank v. Doering*, 80 Ill. App. 3d 959, 961 (1980). Plaintiff's breach of contract/guaranty claim is sufficient to provide Nelson with "fair notice" of the claims TMS pleads against him so that he may reasonably prepare a response. *See* Fed. R. Civ. P. 12(e). Accordingly, Defendant's Motion for a More Definite Statement for the breach of contract claim is denied.

### (2) Fraud

Defendant Nelson argues that Plaintiff's second claim, fraud, is either an insufficient pleading under Rule 9(b) or barred by Illinois statute. The Federal Rules of Civil Procedure call for a heightened pleading standard for fraud claims, requiring the plaintiff to "state with particularity the circumstances constituting fraud or mistake." However, the "conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). A Complaint alleges fraud with particularity when it states "the who, what, when, where, and how: the first paragraph of any newspaper story." *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 853 (7th Cir. 2009) citing *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990).

Here, the Complaint alleges that Defendants (the "who") promoted and sold tickets for the 2015 Countrylife festival (the "what") in Illinois (the "where") and used the proceeds to pay off debts from a prior festival in Florida instead of securing performers for the upcoming July

2015 event (the "when"). Knowing that festival would be cancelled and TMS would demand reimbursement for the chargebacks, Defendant's continued to sell tickets and pay the Florida debt instead of setting aside funds and informing TMS (the "how"). Or so the Complaint says. To say that fraud has been pleaded with particularity is not to say that it has been proved. *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d at 855. Plaintiff's fraud claim has met the heightened pleading standard of Rule 9(b) and is therefore sufficient to survive a motion to dismiss.

Alternatively, Defendant Nelson claims that 805 ILCS 180/10-10, the Illinois Limited Liability Company Act, establishes an absolute bar to claims against LLC members for fraud and other misconduct engaged in while acting as a member of an LLC. The Act states:

> (a) Except as otherwise provided in subsection (d) of this Section, the debts, obligations, and liabilities of a limited liability company, whether arising in contract, tort, or otherwise, are solely the debts, obligations, and liabilities of the company. A member or manager is not personally liable for a debt, obligation, or liability *of the company solely* by reason of being or acting as a member or manager. 805 Ill. Comp. Stat. 180/10-10

However, Defendant Nelson acted in his personal capacity when he signed as guarantor for Blu and Countrylife. Therefore, the "debt, obligation, or liability" is not "one of the company," and the Act does not shield Defendant from liabilities associated with a guaranty agreement he executed in his personal capacity. Defendant's Motion to Dismiss the fraud claim is denied.

### (3) Consumer Fraud

Defendant next argues that the Illinois Limited Liability Company Act bars any claim under the Consumer Fraud Act. The Illinois Consumer Fraud statute states:

> § 2. Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact . . . in the conduct of any trade or

> commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. . . . *See* 815 Ill. Comp. Stat. 505/2.

As noted above, the Complaint alleges that Defendant Nelson is personally liable because he signed the guaranty in his personal capacity. It also alleges that Nelson made misrepresentations and omissions in connection with the guaranty. Because Nelson's "debt, obligation, or liability" associated with that guaranty was Nelson's personally, and not "one of the company['s]," the Limited Liability Act does not shield Nelson from liability. Defendant Nelson's Motion to Dismiss the claim is denied.

**(6) Equitable Accounting**

Defendant Nelson also argues that the equitable accounting claim in the Complaint should be dismissed. "An equitable accounting is an adjustment of the accounts of the parties and a rendering of a judgment for the balance ascertained to be due." *Triple Canopy, Inc. v. Moore*, 2005 WL 1629768, at *5 (N.D.Ill. July 1, 2005). To state a claim for an accounting under Illinois law, the plaintiff must allege *the absence of an adequate remedy at law* and at least one of the following: (1) a breach of fiduciary relationship between the parties, (2) fraud, (3) a need for discovery, or (4) the existence of mutual accounts which are complex in nature. *Drake Enteres v. Colloid Envtl. Techs. Co.*, 2009 U.S. Dist. LEXIS 53461 at *8.(emphasis added).

In this case, Plaintiff has not adequately alleged that it is without an adequate remedy at law. *See Drake Enteres* at *8 ("[I]t cannot be enough, especially after *Bell Atlantic v. Twombly*, for the plaintiff merely to include the words 'no adequate remedy of law' in a complaint in order to survive a motion to dismiss an accounting claim in the face of a breach of contract claim."). Rather, this case presents "a garden-variety contract dispute" where damages are neither speculative nor impossible to measure, and the accounting information can be revealed through

discovery. *See Kempner Mobile Elecs., Inc. v. Southwestern Bell Mobile Sys.*, 428 F.3d 706, 715 (7th Cir. 2005). Moreover, "there is no showing that the accounts between the parties are of such a complicated nature that only a court of equity can satisfactorily unravel them." *Id*. Because Plaintiff has an adequate legal remedy, Defendant Nelson's Motion to Dismiss the equitable accounting claim is granted.

### (8) Unjust Enrichment

Defendant Nelson also moves to dismiss Plaintiff's unjust enrichment claim. Under Illinois law, an unjust enrichment cause of action requires a plaintiff to allege that the "defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience." *HPI Health Care Services, Inc. v. Mt. Vernon Hosp., Inc.*, 131 Ill.2d 145, 160, 137 Ill.Dec. 19, 545 N.E.2d 672 (1989). Defendant Nelson argues that Plaintiff's unjust enrichment claim must be dismissed because it is either based on an express contract, or it is based on conduct outside the scope of the contracts but nevertheless barred by the Illinois Limited Liability Act. The Complaint alleges that Defendant Nelson, in his *personal capacity*, made material misrepresentations and omissions to TMS, and that Defendants were unjustly enriched by retaining and converting funds owed to TMS in order to pay off past debts. Moreover, the Federal Rules allow for inconsistent and alternative pleadings. Fed. R. Civ. P. 8(d)(2, 3). Thus, Plaintiff's unjust enrichment claim presents a plausible alternative legal theory sufficient to survive a motion to dismiss.

**(9) Quantum Meruit**

Defendant Nelson also relies on the Illinois Limited Liability Act as grounds for dismissing Plaintiff's quantum meruit claim. Quantum meruit is an equitable remedy to provide restitution for unjust enrichment. *Cove Management v. AFLAC, Inc.*, 369 Ill. Dec. 570 (Ill. App. 1st, 2013). As this argument has already been addressed *supra*, the Court need not repeat it here. Defendant's Motion to Dismiss the quantum meruit claim is denied.

**(10) Civil Conspiracy**

Civil Conspiracy is an intentional tort that "requires proof that a defendant 'knowingly and voluntarily participates in a common scheme to commit an unlawful act or a lawful act in an unlawful manner'" *McClure v. Owens Corning Fiberglas Corp.*, 188 Ill.2d 102, 133 (1999). The elements of a civil conspiracy include: (1) an agreement between two or more persons; (2) to participate in an unlawful act, or a lawful act in an unlawful manner; (3) an injury caused by an unlawful overt act performed by one of the parties; and (4) the overt act was done pursuant to and in furtherance of the common scheme. *Id*. "Although corporate officers cannot be liable *as co-conspirators* in a conspiracy between the corporation and a third-party, based on agency principles, corporate officers are liable *as participants* in a corporation's tortious conduct of entering the conspiracy with a third-party to defraud a plaintiff." Al Maha Trading & Contracting Holding Co. v. W.S. Darley & Co., No. 12 C 1920, 2014 WL 2459674, at *9 (N.D. Ill. June 2, 2014).

Here, the Complaint alleges that Defendant Nelson and the other Defendants, as agents of Blu and Countrylife, conspired to defraud TMS. Stated another way, the Complaint alleges that the corporate officers (Defendant LLC members) are liable as co-conspirators in a conspiracy to

9

defraud TMS. *See Al Maha* at *9. No allegation is made that Defendant LLCs entered into a conspiracy with a third party to defraud TMS. *See id.* Additionally, the Illinois Limited Liability Act precludes imposing liability on individual members of the LLCs for civil conspiracy. Accordingly, Plaintiff's civil conspiracy claim against Defendant Nelson is dismissed.

### (11) Pre-judgment Attachment

Finally, Defendant Nelson moves to dismiss Plaintiff's pre-judgment attachment claim against him. Pre-judgment attachment is available when the debt sued for was fraudulently contracted by the debtor, and debtor's fraudulent statements have been reduced to writing and signed by the debtor. See 735 ILCS 5/4 10. Although the Complaint alleges numerous misrepresentations by Defendant Nelson, it fails to allege that allegedly fraudulent statements were reduced to writing and signed by Nelson. As such, Plaintiff's pre-judgment attachment claim is dismissed.

### CONCLUSION

For the reasons set forth above, Defendant's Motion for a More Definite Statement is Denied and Defendant's Motion to Dismiss is Granted in Part and Denied in Part, as set forth herein. Plaintiff is granted leave to amend the dismissed counts within 14 days if Plaintiff has a good faith basis for doing so.

Entered this 19th day of November, 2015.
s/James E. Shadid

James E. Shadid
Chief United States District Judge